IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD SATISH EMRIT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 25-CV-15-JFH-sGLJ |
| ) | |
| ELON MUSK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Complaint [Docket No. 2] and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 3]. On February 4, 2024, the Court referred this matter to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 8]. Plaintiff now seeks leave to proceed *in forma pauperis*. For the reasons stated below, the undersigned Magistrate Judge recommends that this action be DISMISSED, *sua sponte*, and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied as MOOT.

I.   Background and Procedural History

Plaintiff, Ronald Satish Emrit, proceeding *pro se*, filed this action on January 13, 2025, against Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and the Department of Government Efficiency ("Defendants"). Plaintiff alleges that "the U.S. District Court for the District of Eastern Louisiana . . . has jurisdiction over this matter" due to both diversity and federal question jurisdiction. Plaintiff's "Statement of Facts" alleges that: (1) Defendants, with the exception of Mike Johnson, are not elected officials

and "do not have a mandate . . . to destroy the lives of many Americans."; (2) Defendants are trying to abolish the U.S. Department of Education; (3) Defendants are "trying to make one trillion dollars worth of budget cuts which would affect the lives of African Americans who receive . . . [funds from] programs subsidized by [the] federal government."; and (4) Plaintiff has standing to bring this action because he is disabled with bipolar disorder. Docket No. 2, p. 4. Plaintiff alleges Defendants, by trying to make one trillion dollars worth of budget cuts, have violated: (i) the Civil Rights Act of 1964; (ii) the Equal Protection Clause of the Fifth and Fourteenth Amendments; (iii) the Due Process Clause of the Fifth and Fourteenth Amendments; (iv) the Privileges and Immunities Clause of Article IV, Section 2, of the Constitution; (v) the Fourth Amendment; and (vi) First Amendment. Docket No. 2, pp. 2-6. Plaintiff requests $500 billion in damages, an injunction requiring various Magistrate Judges not in this District to "make a criminal referral to U.S. Department of Justice . . . for the attorney general of the United States . . . to file a criminal indictment and/or information against Elon Musk for foreign election interference"; a second injunction enjoining the Department of Government Efficiency from "affecting the Office of Management and Budget and/or from obstructing Congress and legislation"; and a third injunction enjoining President Donald J. Trump from creating a Department of Government Efficiency without Senate confirmation. Docket No. 2 pp. 6-7. Plaintiff sets forth no further statement concerning the nature of his claims. Because Plaintiff is proceeding *pro se*, the undersigned Magistrate Judge liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a *pro se* party's

pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers.").

## II. Analysis

The Court reviews filings presented by Plaintiff pursuant to Section 1915 of the United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A Plaintiff is not required to make out a perfect case in their complaint. Rather, [i]t suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 267 (10th Cir. 1994). Notwithstanding these provisions, courts may dismiss an action, *sua sponte*, pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall*, 935 F.2d at 1108. "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id.* (citations omitted). Moreover, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

"*Sua sponte* dismissals are generally disfavored by courts." *Banks v. Vio Software*, 275 Fed. App'x. 800 (10th Cir. 2008). A court shall, however, dismiss a case at any time if it determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Indeed, the Tenth Circuit has instructed that a district court is *required* to dismiss an IFP claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-95 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Here, Plaintiff fails to state a claim upon which relief can be granted and his arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). Indeed, it is difficult to decipher Plaintiff's claims, as the few sentences in his statement of facts contain conclusory

allegations with no logical facts to explain or support his claims or his representation of "poor people of all races and ethnicities in the United States" at large. Therefore, the undersigned Magistrate Judge finds Plaintiff's action fails to state a claim upon which relief can be granted and recommends that the matter be dismissed without prejudice and Plaintiff's Motion to proceed *In Forma Pauperis* [Docket No. 3] be denied as moot.

## CONCLUSION

Plaintiff fails to articulate a plausible claim for which any relief can be granted, as the allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's action be DISMISSED without prejudice, for failure to state a claim upon which relief can be granted and Plaintiff's Motion to Proceed *In Forma Pauperis* [Docket No. 3] be denied as MOOT. Any objections to this Report and Recommendation must be filed within fourteen days, or by February 20, 2025. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED** this 6th day of February 2025.

_____
**GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**