IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RONALD SATISH EMRIT, *et al.*,

      Plaintiff,

v.

ELON MUSK, *et al.*,

      Defendant.

Case No. 25-CV-15-JFH-GLJ

**OPINION AND ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Gerald L. Jackson. Dkt. No. 9. Magistrate Judge Jackson recommends that the Complaint [Dkt. No. 2] filed by Plaintiff Ronald Satish Emrit be DISMISSED, *sua sponte*. The Magistrate Judge further recommends that the Motion for Leave to Proceed *In Forma Pauperis* [Dkt. No. 3] filed by Plaintiff be denied as MOOT.

Plaintiff filed a Notice of Appeal [Dkt. No. 10] which the Court construes as an objection to Magistrate Judge Jackson's Report and Recommendation ("Plaintiff's Objection") within the fourteen-day period prescribed by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b).

Having reviewed the Report and Recommendation, the Court concurs with Magistrate Judge Jackson's recommendation and accepts and adopts it as the order of this Court. On that basis, Plaintiff's Complaint [Dkt. No. 2] is DISMISSED under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Dkt. No. 3] is DENIED as MOOT.

On January 13, 2025, Plaintiff filed his Complaint, alleging defendants engaged in "tortious interference with business relations/contracts" and violated: the Civil Rights Act of 1964; the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; the Privileges and Immunities Clause of Article IV; the right to privacy under the Fourth Amendment; freedom of association under the First Amendment; and the Americans with Disabilities Act of 1990. Dkt. No. 2. Plaintiff alleges that Defendants violated each federal provision "by trying to make one trillion dollars worth of budget reduction in the United States which would affect the lives of poor people of all races and ethnicities in the United States." *Id.* at p. 4-6. Plaintiff claims that this budget reduction "would affect the lives of African-Americans who received food stamps (EBT/SNAP benefits), SSI, SSDI, Section 8 housing vouchers, Temporary Assistance to Needy Families (TANF), Women Infants and Children Programs (WIC), and other programs subsidized by [the] federal government." *Id.* at ¶ 17. Further, Plaintiff alleges that Defendants "are trying to abolish the [United States] Department of Education which provides grants and loans for underprivileged Americans trying to get a college education." *Id.* at ¶ 18. Plaintiff claims that defendants Elon Musk and Vivek Ramaswamy are not elected officials, and, thus, "the American people did not give a mandate to either [of them] to destroy the lives of many Americans living in poverty whether that is in the trailer parks of the Appalachian mountains or in the ghettoes of the Bronx, Brooklyn, or South Central Los Angeles." *Id.* at ¶ 19.

Plaintiff states that he "is an indigent, disabled, and unemployed resident of . . . Florida and Maryland." *Id.* at ¶ 5. He alleges he has standing to bring this civil rights action against Defendants because he "is disabled with bipolar disorder." *Id.* at ¶ 20.

Plaintiff states that Defendant Musk "owns SpaceX, Tesla, Twitter (X), and perhaps StarLink which provides internet service to Ukrainians." *Id.* at ¶ 6. Plaintiff claims that Defendant Ramaswamy owns a pharmaceutical company and has "a conflict of interest regarding the Department of G[o]vernment Efficiency [(DOGE)] and government contracting and sweetheart deals awarded to companies that he owns involving government contracting." *Id.* at ¶ 7. Plaintiff alleges that Defendant Speaker of the House Mike Johnson is from Louisiana and "is a racist, conservative Congressman that is trying to impact the lives of African-America[n]s who receive EBT/SNAP benefits, Medicare/Medicaid, Section 8 housing vouchers, etc." *Id.* at ¶ 8. Finally, Plaintiff claims that DOGE is a "non-existent agency that is not authorized by Congress to be making decisions regarding the Office of Management and Budget (OMB) involving project 2025 policies." *Id.* at ¶ 9. While Plaintiff does not expressly allege where Defendants Musk and Ramaswamy reside, Plaintiff implies that at least one of them resides in Texas by asserting that complete diversity of citizenship exists "between Plaintiff and the four defendants given that the Plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas." *Id.* at ¶ 12.

Plaintiff seeks relief in the form of $500 billion in damages, "a criminal referral" by one of three specified magistrate judges to the "[United States] Department of Justice . . . for attorney general of the United States . . . to file a criminal indictment and/or information against [] Musk for foreign election interference as a man from South Africa who paid Americans to vote[,]" and three injunctions. *Id.* at p. 6-7. These injunctions would require the United States attorneys in Eastern, Western, and/or Middle Louisiana to "file a criminal indictment and/or information against [] Musk for interfering with the American election as a foreign actor from South Africa

who probably supports apartheid[,]" preclude DOGE "from affecting the [OMB] and/or from obstructing Congress and legislation with tweets and/or policy recommendations[,]" and preclude "President Donald J. [T]rump . . . from creating [DOGE] without Senate Confirmation . . . ." *Id.* at p. 7.  Additionally, Plaintiff requests that certain magistrate judges (not in this judicial district) authorize the United States marshals to serve process on Defendants Musk, Ramaswamy, and Speaker Johnson.  *Id.* at ¶¶ 1-3.

The Court takes judicial notice of orders from numerous other federal district courts, which detail Plaintiff's history of bringing frivolous claims,[1] as well as the fact that Plaintiff has filed virtually identical complaints to the one at issue here in multiple federal district courts.[2]

---

[1] Plaintiff has filed numerous frivolous lawsuits in federal district courts across the country. *See e.g., Emrit v. Grammy Awards on CBS*, No. 24-1056, 2024 WL 3839813, *1 n.2 (10th Cir. Aug. 16, 2024) (noting that federal courts have dismissed all of plaintiff's 19 lawsuits against the Grammys since 2023 as "frivolous, malicious[,] or for failure to state a claim"); *Emrit v. Combs*, No. 24-CV-0110-CVE-JFJ, 2024 WL 1199014 (N.D. Okla. Mar. 20, 2024) (dismissing plaintiff's complaint for improper venue); *Emrit v. Jules*, No. 23-CV-0278-CVE-MTS, 2023 WL 4477242 (N.D. Okla. July 11, 2023) (dismissing plaintiff's complaint for improper venue); *Emrit v. Universal Music Grp.,* No. 3:19-CV-05984-BHS, 2019 WL 6251365, *2 (W.D. Wash. Nov. 3, 2019) ("Plaintiff has been acknowledged as a vexatious litigator in at least six district courts.").

[2] *See e.g., PRESIDENTIAL CANDIDATE NUMBER P60005535 v. Musk, et al.*, No. CIV-25-0022-JD, 2025 WL 84988 (W.D. Okla. Jan. 13, 2025) (dismissing a similar complaint filed by plaintiff pursuant to under § 1915(e) because the complaint was frivolous and failed to state a claim); *Emrit v. Musk, et al.,* Case No. 25-CV-016-CVE-MTS, 2025 WL 221990 (N.D. Okla. Jan. 16, 2025) (same).

Title 28, Section 1915(e)(2) requires a district court to dismiss a case at any time, if the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must liberally construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, the court may not "supply additional factual allegations to round out a plaintiff's complaint…" Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Hall* at 1110. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678.

Having reviewed and liberally construed the allegations of the Complaint, the Court agrees with Magistrate Judge Jackson in determining that Plaintiff has failed to state a plausible claim, and the action is frivolous.  The Court has also reviewed Plaintiff's "Notice of Appeal" [Dkt. No. 10] which, as previously stated, the Court construes as an objection to Magistrate Judge Jackson's Report and Recommendation.  Essentially, Plaintiff's Objection contends: (a) the case is not frivolous because the majority of the world is in "panic mode" because of President Donald Trump's foreign policy objectives; (b) the case is not moot because Mr. Ramaswamy now wants to be governor of Ohio rather than a DOGE cabinet leader; (c) this lawsuit should be a class action lawsuit because FBI and CIA workers are in "panic mode" about job security and benefits; (d) "[t]ime is of the essence regarding this litigation because Donald J. Trump has ended the employment of 12 inspectors general and has also terminated the jobs of those who work in the fields of Diversity, Equity, and Inclusion (DEI) which is extremely vindictive like Nero and/or Caligula from the Julio-Claudian dynasty of the Roman Empire after Octavian (Augustus) won the Battle of Actium against Mark Antony and Cleopatra (Greek pharaoh as descendant of Alexander The Great in Ptolemaic Dynasty in Egypt who appeared before Julius Caesar in a Persian rug)"; (e) the court should take judicial notice that Judge John C. Coughenoor presided over Plaintiff's case involving the trading of Facebook stock; and (f) Judge John C. Coughenoor previously ruled against President Trump's executive order ending birthright citizenship.  Dkt. No. 10.  Plaintiff's Objection further stated that he "is now filing this notice of appeal to have the present case at bar sent to the Fourth Circuit Court of Appeals…" *Id.* at 3.

Evaluating Plaintiff's Objections to the Report and Recommendation, the Court finds that the crux of the arguments do not:  (a) address the substance of Magistrate Judge Jackson's analysis

of the adequacy of the allegations contained in Plaintiff's Complaint to determine if Plaintiff can state a claim upon which relief can be granted; and (b) satisfy the necessary procedural components (i.e. standing, personal jurisdiction, and venue) required for a case to be maintained in this Court. "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Bearing these guiding principles in mind, the Court will address each of Plaintiff's claims in turn.

The Complaint suffers from numerous flaws.

First, the Complaint "fails to differentiate among individual defendants and specify which defendants are alleged to have taken which particular actions." See *Robbins v. Oklahoma*, 519 F.3d 1242, 1253 (10th Cir. 2008).

Second, the Complaint does not contain any allegations that Plaintiff himself has been personally injured by the alleged conduct of defendants. Therefore, Plaintiff has not satisfied the minimum elements of Article III standing. See *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (the party invoking federal jurisdiction has the burden to demonstrate that he has suffered an injury in fact that has a causal connection to the conduct complained of). "Allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citation omitted).

Third, venue is not proper in this district, and Plaintiff's action should be dismissed. Under 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district in which any defendant resides when all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred; or

(3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action.

Under 28 U.S.C. § 1915, a "district court may consider personal jurisdiction and venue *sua sponte* 'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995)). Section 1915 dismissal is appropriate only "if 'it is clear that the plaintiff can allege no set of facts to support personal jurisdiction or venue.'" *Id.* (quoting *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985)) (alterations in original quote omitted).

"[A]s part of the screening process set out in the statutory [in forma pauperis] provision, 28 U.S.C. § 1915(e), district courts can consider the issue of venue *sua sponte*" and affirming the district court's dismissal for improper venue (emphasis added). *Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006). The Tenth Circuit has stated that, "[i]n the context of affirmative defenses . . . *sua sponte* dismissal on such grounds should be 'reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense[,]'" and that "[t]he same caution applies to *sua sponte* dismissals for lack of personal jurisdiction and improper venue." *Trujillo*, 465 F.3d at 1217 (quoting *Fratus*, 49 F.3d at 676 (10th Cir. 1995)).

It appears from the allegations in the Complaint that Plaintiff may have intended to file this action in the Eastern District of Louisiana, or the allegations in the "Jurisdiction and Venue" section of his Complaint could be the product of Plaintiff copying and pasting from a different complaint. Regardless, venue is not proper in this Court under § 1391(b).

Liberally construing Plaintiff's Complaint, the Court finds that venue is clearly inappropriate in the Eastern District of Oklahoma. Section 1391(b)(1)'s requirements are not met as Plaintiff alleges that Speaker Johnson resides in Louisiana and implies another defendant resides in Texas. Dkt. 2 at 3. Section 1391(b)(2)'s requirements are not met because Plaintiff does not allege that any of the events or omissions giving rise to his claims occurred in this district.

As this district is an improper venue for Plaintiff's action, the Court may dismiss Plaintiff's action or transfer it to a different venue if the transfer is in the interest of justice. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Given that Plaintiff's Complaint fails to state a claim, the Court finds that transferring this action to the Eastern District of Louisiana would not serve the interests of justice. *See* 28 U.S.C. § 1406(a). Further, the Court finds that Plaintiff is unlikely to suffer any injustice from this dismissal. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (recognizing the loss of "a substantial part of [plaintiff's] cause of action under the statute of limitations" as a "typical example of the problem [Congress] sought to [avoid]" in enacting § 1406). Plaintiff has a similar action pending in another federal district court. See *Emrit v. Musk*, No. 1:25-CV-00015-KK, 2025 WL 89293 (D.N.M. Jan. 14, 2025) (granting plaintiff's application to proceed *in forma pauperis* and ordering plaintiff to show cause "why the [c]ourt should not dismiss or transfer this case" and to file an amended complaint). Therefore, Plaintiff's Complaint should be dismissed without prejudice pursuant to § 1406(a) and § 1915(e).

Finally, Plaintiff fails to set forth any facts in his Complaint to support the exercise of personal jurisdiction by this Court over Defendants. Due process requires that a defendant

9

"purposefully established minimum contracts within the forum State" and that "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewick*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Neither Plaintiff nor any of the Defendants reside in or appear to have any connection to Oklahoma.

For these reasons, the Court dismisses Plaintiff's Complaint without prejudice under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim. Plaintiff's motion to proceed *in forma pauperis* is denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint [Dkt. No. 2] is DISMISSED WITHOUT PREJUDICE. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Dkt. No. 3] is DENIED as MOOT.

IT IS SO ORDERED this 4th day of March 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE